NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JAN 9 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| DIYANG ZHANG, <br><br> Petitioner, <br><br> v. <br><br> MATTHEW G. WHITAKER, Acting Attorney General, <br><br> Respondent. | No. 16-71611 <br><br> Agency No. A200-797-706 <br><br> MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted January 7, 2019**
San Francisco, California

Before:     TROTT, SILVERMAN, and TALLMAN, Circuit Judges.

Diyang Zhang, a native and citizen of China, petitions for review of the

Board of Immigration Appeals' order dismissing his appeal from an immigration

judge's ("IJ") decision denying his application for asylum and withholding of

removal.  We have jurisdiction under 8 U.S.C. § 1252.  We review for substantial

---

\*     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

evidence the agency's factual findings, applying the standards governing adverse credibility determinations created by the REAL ID Act. *Shrestha v. Holder*, 590 F.3d 1034, 1039 – 40 (9th Cir. 2010). We deny the petition for review.

Zhang's inconsistent and contradictory testimony before the IJ regarding his visa application provides substantial evidence to support the adverse credibility determination. *See id.* at 1048 (adverse credibility determination reasonable under "the totality of circumstances"); *see also Rizk v. Holder*, 629 F.3d 1083, 1087 (9th Cir. 2011) (agency's adverse credibility determination must be upheld so long as one of the identified grounds is supported by substantial evidence).

Because substantial evidence supports the adverse credibility finding, we uphold the denial of asylum and withholding of removal. *See Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir. 2003).

We reject as unsupported by the record Zhang's contention that the IJ violated his due process rights. *See Lata v. INS*, 204 F.3d 1241, 1246 (9th Cir. 2000) (requiring error to prevail on due process claim).

**PETITION FOR REVIEW DENIED.**

16-71611